**Ronnie FOWLER, Plaintiff,**

v.

**TACO VIVA, INC., Defendant.**

**No. 86–1301–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Oct. 21, 1986.

---

Eddie L. Fields, Miami, Fla., for the plaintiff.

Allen J. McKenna, Hogg, Allen, Ryce, Norton & Blue, P.A., Coral Gables, Fla., for defendant.

ORDER GRANTING IN PART AND DE-NYING IN PART THE DEFEND-ANT'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY, DISMISSAL

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE arises before the Court upon the Defendant's Motion to Dismiss or, alternatively, for Summary Judgment.

The Plaintiff, Ronnie Fowler, brought suit against his former employer, Taco Viva, Inc., seeking compensatory and punitive damages for alleged discriminatory employment practices undertaken by Taco Viva against Ronnie Fowler. Three counts of the complaint seek relief based on 42 U.S.C. § 2000e–5 et seq. [hereinafter referred to as Title VII] for violation of employment rights accorded the Plaintiff by the Constitution and federal statutes. Particularly, the Plaintiff alleges violation of his rights as a result of the Defendant's discriminatory employment practices based on race, and discriminatory work assignment practices based on race. Fowler also asserted several state law claims related to his employment relationship with Taco Viva, these counts for harassment, defamation of character, libel, slander, and for mental and emotional distress.

The gist of Fowler's factual assertions in support of his claims are briefly stated as follows. At the time that Taco Viva acquired ownership of Taco Ole Company, the Plaintiff, Fowler, was a manager with Taco Ole. Fowler contends that upon Taco Viva's acquisition they singled him out from the other managers, who were caucasian, and subjected him to discriminatory treatment. This discriminatory treatment included removing him from his management position at a particular unit and requiring him, but not the other managers, to undergo retraining. The Plaintiff also alleges that Taco Viva failed to promote him although he had more seniority with the company and was better qualified than the individuals they placed in management positions. Fowler further alleges that the Defendant assigned him to unfavorable units in an attempt to discredit his record with the company and that all of the Defendant's actions were with discriminatory purpose due to his race.

The Defendant filed a Motion for Summary Judgment or, alternatively, a Motion to Dismiss, the merits of which are addressed here. Taco Viva asserts numerous points to support its argument. Specifically, Taco Viva requests this Court to rule that the Title VII actions set forth in Count I and Count II for discriminatory practices are barred by the applicable statute of limitations and thus dismissed. Taco Viva further urges this Court to dismiss or, alternatively, grant summary judgment regarding all three Title VII counts for failure to

satisfy the statutory conditions precedent to bringing a Title VII action.

As to Count V for defamation of character, libel, and slander and Count VI for mental and emotional distress, Taco Viva requests this Court decline to exercise pendent jurisdiction. The Defendant further argues that Count V should be dismissed as the Plaintiff has failed to allege sufficient acts to establish a cause of action for defamation, libel or slander. Failure to state a cause of action is also asserted by the Defendant as grounds for dismissing Count VI for mental and emotional distress. Lastly, the Defendant argues that Count IV of the Plaintiff's complaint which seeks relief for alleged harassment, should be dismissed as a cause of action for harassment is not recognized as valid by the Florida Courts.

The issues raised by this Motion and the Plaintiff's response to these issues will be addressed separately.

### I. *Statute of Limitations Issue*

Federal law determines when a civil rights violation accrues for actions brought under Title VII and, therefore, when the statute of limitations begins to run. Generally, the limitations period commences in Title VII cases when the prohibited deprivation of employment rights occurs. *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980). The appropriate state limitations statute is then applied to calculate the time frame within which the judicial claim must be brought. In this case, the applicable statute is *Fla.Stat.* § 95.-11(4)(c), which provides a two year period in which to bring suit. *McGhee v. Ogburn*, 707 F.2d 1312 (11th Cir.1983). Failure to bring a claim within this prescribed period warrants dismissal.

Application of the time limitation requirement to the case at bar raises a factual issue as to when the alleged violation actually occurred. Taco Viva focuses on specific allegations of discriminatory retraining in determining when the alleged violation occurred. Taco Viva argues the retraining took place in August or September of 1983 and at that time the statute of limitations began to run, thus, Fowler's filing of this suit on June 16, 1986, was beyond the two year statutory period.[1]

Despite the Defendant's focus on the alleged retraining discrimination in calculating the tolling of the limitations period Fowler alleges a much broader range of discrimination. These allegations include discriminatory promotional policy, security and safety measures, and terms and conditions of employment, as well as the allegations regarding training. Moreover, Fowler asserts these other violations were of an ongoing nature. In so doing, Fowler raises the issue of "continuous violations" and their effect on the statute of limitations considerations.

An allegation of a continued pattern or practice of discrimination, supported by the record, operates to extend the time in which a Title VII judicial action can be commenced. *Hill v. MARTA*, 591 F.Supp. 125 (N.D.Ga.1984), *citing as authority Clark v. Olinkraft, Inc.*, 556 F.2d 1219 (5th Cir.1977), *cert. denied*, 434 U.S. 1069, 98 S.Ct. 1251, 55 L.Ed.2d 772 (1978). Under the continuing violation theory, where a continuous chain of events or course of conduct is involved, the applicable state statute of limitations does not begin to run until the time of the final act. *Lockary v. Kayfetz*, 587 F.Supp. 631 (N.D. Cal.1984). Thus, in a case of continued violation, "a charge or action will not be barred by the applicable statute of limitations, even though some of the acts complained of occurred outside of the limitations period." *Guilday v. Dept. of Justice*, 451 F.Supp. 717, 723 (D.Del.1978).

---

1. It should be noted that a conflict exists in the record regarding the length of the retraining period. Although Taco Viva asserts the training period was in August or September of 1983, the Plaintiff asserts he was subjected to discriminatory training for a period of six months. Due to the issue of "continuous violations" this issue is not dispositive, however, for the record it is noted here.

■ To establish a continuous violation a Plaintiff must show either: (1) sufficient related acts, one or more of which falls within the limitations period, or (2) maintenance of a discriminatory system both before and during the limitations period. *Miller v. U.S.*, 603 F.Supp. 1244 (D.C.Cir. 1985). Fowler asserts that a continuing violation has been adequately pleaded and therefore the Title VII claims are not barred by the applicable two year statute of limitations. The record, read in its entirety, supports Fowler's position. In the Charge of Discrimination form, Fowler specifies the conditions surrounding the alleged discriminatory training practice and gives two examples of what he believed to be discriminatory promotion procedures. He further asserted in his statement to the EEOC and Dade County that he was subjected to different terms and conditions of employment than his counterparts. EEOC labelled these violations "continuous" on their form. Fowler's affidavit buttresses his position, stating that the alleged discriminatory practices commenced immediately upon Taco Viva's acquisition of the company and continued on a regular basis until Fowler was terminated from his position.

Fowler's affidavit and the Dade County and the EEOC forms put at issue a matter of material fact: whether a continuous violation existed that extended the alleged violations into the two year period preceeding the filing of this action. Where an issue of material fact exists, the motion for summary judgment must be denied. *Warrior Tombigbee Transportation Co. v. Fung*, 695 F.2d 1294 (11th Cir.1983). Accordingly, the Defendant has failed to meet the high burden of establishing that there is no dispute as to the tolling of the statute of limitations and its motion for summary judgment as to this issue must be denied.

## II. *Conditions Precedent to a Title VII Judicial Suit*

The Title VII enforcement provisions require an aggrieved employee pursue an administrative remedy either at the local level or with the Equal Employment Opportunity Counsel [herein referred to as the EEOC] prior to initiating judicial action against the employer. 42 U.S.C. § 2000e–5. Specific time frames in which an employee must assert an employment discrimination charge are set out in 42 U.S.C. § 2000e–5. *Id.* Because Fowler elected to file his initial charge at the local level, the pertinent statutory provision required the charge to be filed with the proper local agency within 300 days after the alleged unlawful employment practice occurred. *Id.* Taco Viva argues that Fowler's filing with the Dade County Fair Housing and Employment Appeals Board was untimely because Fowler failed to file within 300 days from the date of the employment rights violation. It is Taco Viva's position that the filing period was triggered in 1983 and thus, Fowler's filing on July 3, 1985, was beyond the statutorily allowed period. Taco Viva is using the same 1983 date to calculate the 300–day charge filing period as it used in calculating the state statutory limitations addressed above. Taco Viva's argument must fail for the same reasons the Court stated in addressing the first issue.

■ The time period for filing a complaint with the appropriate local agency commences to run when the alleged unlawful employment practice occurs. *Delaware State College*, 449 U.S. at 250, 101 S.Ct. at 500. The Court has determined that a factual issue exists regarding when the alleged Title VII violation occurred. Fowler's sworn affidavit states the pattern of discrimination continued throughout the duration of his employment, said employment continuing into 1985. If the violation was continuous the administrative filing on July 3, 1985, is timely. Consequently, the Court cannot determine at this stage in the proceedings when the charge filing limitation commenced. Resultantly, Taco Viva's request for summary judgment or, alternatively, dismissal of the Title VII employment discrimination claims for failure to timely comply with the statutory conditions precedent must be denied.

### III. *The Permissible Scope of the Judicial Complaint*

Taco Viva urges this Court to bar the portion of the Plaintiff's Title VII claims based on discriminatory work assignments because these work assignment claims were not part of the initial administrative investigation and therefore may not properly be considered in the subsequent judicial suit.

▆ In determining the permissible scope of a judicial claim, the test is whether the allegations contained in the complaint encompass any kind of discrimination "like or related to" the allegations contained in the administrative charge and growing out of such allegations during the pendency of the agency's investigatory case. *Sanchez v. Standard Brands,* 431 F.2d 455, 455 (5th Cir.1970). Under this test, the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the original administrative charge of discrimination. *Sanchez,* 431 F.2d 466; *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925 (11th Cir. 1983). The starting point in determining the permissible scope of the judicial complaint is the EEOC charge and investigation. *Eastland v. Tennessee Valley Authority,* 714 F.2d 1066, 1067 (11th Cir. 1983).

▆ The starting point for this Court's determination of the proper scope of Fowler's judicial complaint is the Charge of Discrimination form filed with the County and the Notice of Charge form forwarded to the EEOC. Absent an investigatory report or record, this Court will rely on the common and reasonable meaning of the administrative investigation. In Fowler's statement of personal harm he claims denial of promotions and subjection to discriminatory terms and conditions of employment. In his Discriminatory Statement he elaborates his charge, listing more specific reasons to support his belief that his rights have been violated. These reasons include being singled out for retraining, Taco Viva's alleged policy of limiting the number of black employees at each unit, and promotions being made to white individuals less qualified than Fowler. This charge form, read in its entirety, evidences a broad charge of discriminatory practices and procedures against Taco Viva. The EEOC form also classifies the charges broadly.

A reasonable reading of the Plaintiff's initial charge statements illustrates that the initial complaint encompassed a broad allegation of discriminatory practices and procedures. Allegations of unfavorable work assignments can reasonably be expected to grow out of an investigation concerning the general terms and conditions of employment. Indeed, given the allegations of unfair training requirements and discriminatory promotional practices, it is very likely that Fowler's work assignments would be a part of the investigation. Consequently, this Court finds the allegations of unfavorable work assignments are "like or related to" the charges contained in the administrative charge and as such are properly reviewable by this Court. This finding is in keeping with the policy of not allowing procedural technicalities to bar claims brought under Title VII. *Gamble v. Birmingham Southern Railroad Co.,* 514 F.2d 678, 688 (5th Cir.1975); *cited with approval in Phillips v. Smalley Maintenance Services, Inc.,* 711 F.2d 1524 (11th Cir.1983). For these reasons, the Defendant's request for summary judgment or, alternatively, dismissal of the Title VII work assignment claims should be denied.

### IV. *Related State Law Claims*

▆ The Defendant asserts that Count V of the Plaintiff's complaint for defamation of character, libel and slander should be dismissed for failure to plead sufficient facts. The Court agrees with the Defendant's position with respect to the claim for slander. Fowler asserts that slanderous statements were made to co-workers but fails to plead any other facts regarding this charge. To assert a viable claim for slander the Plaintiff must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the

publication occurred. Absent sufficient allegations, a claim for slander is properly dismissed for failure to state a cause of action. *Hawke v. Broward National Bank of Fort Lauderdale,* 220 So.2d 678 (Fla. 4th DCA 1969).

█ Taco Viva also argues that Count VI of the complaint for intentional infliction of emotional distress should be dismissed for failure to sufficiently plead a cause of action upon which relief may be granted. To sustain a cause of action for intentional infliction of emotional distress, the plaintiff must allege that the defendant engaged in "extreme and outrageous conduct." *Metropolitan Life Insurance Co. v. McCarson,* 467 So.2d 277 (Fla.1985). Fowler's allegations that his employer's acts were intentional and with malice are not enough to establish a viable cause of action. Accordingly, Count VI of the Plaintiff's complaint is dismissed with leave to amend.

Taco Viva further argues that Count IV of the complaint for harassment should be dismissed because Florida courts do not recognize a cause of action for harassment. Florida case law supports Taco Viva's argument. *Cummings v. Dawson,* 444 So.2d 565 (Fla. 1st DCA 1984). Fowler has not shown this Court any authority to the contrary. Accordingly, the Plaintiff's claim for harassment is dismissed without prejudice.

As to the remaining state law claims, the Court finds that pendent jurisdiction is proper. The state and federal claims derive from "a common nucleus of operative facts"; the employment relationship between Fowler and his employer, Taco Viva. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Further, the claims are sufficiently related and factually intertwined so that a court "would ordinarily be expected to try them all in one proceeding." *Id.* The exercise of pendent jurisdiction is appropriate where the federal Title VII claim appears to be one of substance and the "considerations of judicial economy, convenience and fairness to the litigants" are

best served by trying all the issues in one judicial proceeding. *Phillips v. Smalley Maintenance Services, Inc.,* 711 F.2d 1524 (11th Cir.1983). Accordingly, the Court will retain jurisdiction over the remaining state claims.

Accordingly, after a careful review of the record, and the Court otherwise being fully advised in the premises, it is:

ORDERED and ADJUDGED that the Defendant's Motion be, and it is hereby, GRANTED in part, and DENIED in part. The claim for harassment, set forth in Count IV of the Plaintiff's complaint, is dismissed without prejudice for failure to state a cause of action. The claim for slander in Count V of the Plaintiff's complaint is dismissed with leave to amend within 20 days from the date of this Order. The claim for intentional infliction of emotional distress, set forth in Count VI of the complaint, is dismissed for failure to state a cause of action with leave to amend within 20 days from the date of this Order. The remainder of the Defendant's Motion is DENIED.