**Richard ESSICK, Plaintiff–Appellant,**

v.

**YELLOW FREIGHT SYSTEMS, INCORPORATED, Defendant–Appellee.**

**No. 90–1936.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 24, 1991.

Decided June 4, 1992.

* The Honorable Albert J. Engel, Senior Circuit Judge for the Sixth Circuit, is sitting by designa-

Mark W. Damisch (argued) and Michael J. Kedzie, Barclay, Damisch & Sinson, Chicago, Ill., for plaintiff-appellant.

Kael B. Kennedy, Kirk D. Messmer (argued), George J. Matkov, Jr., and Jay G. Swardenski, Matkov, Salzman, Madoff & Gunn, Chicago, Ill., for defendant-appellee.

Before POSNER, and KANNE, Circuit Judges, and ENGEL, Senior Circuit Judge.*

KANNE, Circuit Judge.

Richard Essick brought this suit alleging that Yellow Freight System, Inc. terminated his employment in retaliation for his filing a workers' compensation claim. The district court, finding that there were no genuine issues of material fact, granted summary judgment against Essick and in favor of Yellow Freight. At issue is whether Essick may resist summary judgment by contradicting his own prior sworn testimony. We hold that he cannot and affirm the judgment of the district court.

Essick began working for Yellow Freight in September, 1987, as a replacement employee. On September 29, 1987, Essick slipped from the cab of a tractor and was injured. He returned to work in November, 1987, and worked for a week before he was injured a second time. On January 12, 1988, Essick filed a worker's compensation claim with the Illinois Industrial Commis-

tion.

sion and did not return to work until May 4, 1988. On that date, Yellow Freight informed him by letter that he had been removed from the replacement list and that he would not be called for future openings.

On January 27, 1989, Essick filed this suit against Yellow Freight, alleging that Yellow Freight discharged him because he had filed a workers compensation claim.

The Industrial Commission hearing took place on May 18, 1989, four months *after* Essick filed his original complaint in this case for retaliatory discharge. At the hearing, Essick responded under oath to several questions from his lawyer—who also represented him in this case—concerning the reason for his termination:

Q: When you went back to work for Yellow Freight Systems, you only worked two days?

A: Yes, and they fired me.

Q: Do you know why it was that you were fired at that time?

A: No, I don't. They just sent me a letter.

Three months later, on August 24, 1989, Essick gave a completely different and specific response when asked about the reason for his termination. In a deposition taken for this case, Essick claimed that when he received the termination letter from Yellow Freight, issued May 4, 1988, he immediately called Gerry Sendziol, his supervisor, who told him that if he had not filed a worker's compensation claim, he would still be working at Yellow Freight.

After discovery was completed, Yellow Freight moved for summary judgment, arguing that Essick could not prove retaliatory intent. The district court, relying upon our decision in *Babrocky v. Jewel Food Co. & Retail Meatcutters Union,* 773 F.2d 857 (7th Cir.1985), found that Essick could not rely upon his deposition testimony to defeat summary judgment because that testimony contradicted his earlier testimony before the Illinois Industrial Commission. The district court then entered summary judgment in favor of Yellow Freight. This appeal followed.

We review a grant or denial of summary judgment *de novo.* *Pro–Eco, Inc. v.*

*Board of Commissioners of Jay County, Indiana,* 956 F.2d 635, 637 (7th Cir.1992); *First Wisconsin Trust Co. v. Schroud,* 916 F.2d 394, 398 (7th Cir.1990). Summary judgment is appropriate if we can determine that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *Schroud,* 916 F.2d at 398. In reviewing a grant of summary judgment we "view the record and all inferences drawn from it in the light most favorable to the party opposing the motion," *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990).

In *Babrocky,* we held that "a 'party should not be allowed to create issues of credibility by contradicting his own earlier testimony.'" 773 F.2d at 861 (quoting *Camfield Tires, Inc. v. Michelin Tire Corp.,* 719 F.2d 1361, 1366 (8th Cir.1983)). *See also Adelman–Tremblay v. Jewel Companies, Inc.,* 859 F.2d 517, 520–21 (7th Cir.1988); *Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 237 (7th Cir.1991). In so holding, we noted that if we allowed a party to create a genuine issue of material fact by changing his prior testimony: "the very purpose of the summary judgment motion—to weed out unfounded claims, specious denials, and sham defenses—would be severely undercut." *Babrocky,* 773 F.2d at 861. We also noted that the plaintiff had not explained the contradiction or attempted to resolve the disparity. *Id.* Other circuits follow the same rule that we adopted in *Babrocky. See Garnac Grain Co., Inc. v. Blackley,* 932 F.2d 1563, 1568 (8th Cir.1991); *Pyramid Securities Ltd. v. IB Resolution, Inc.,* 924 F.2d 1114, 1123–24 (D.C.Cir.1991) (citing cases from the second, third, fourth, sixth, ninth, eleventh and District of Columbia circuits).

Essick first argues that his testimony was not contradictory. He notes that at the Industrial Commission his lawyer asked him: "Do you know why it was that you were fired at that time?" Essick argues that the words "at that time" refer to the moment when Essick received the letter and not to the period shortly thereafter when he claims that he spoke to his super-

visor, Sendziol, on the phone. This, however, is an unreasonably narrow interpretation of this question, especially because Essick was represented at the Industrial Commission by the same lawyer who represents him in this court. We conclude that this overly technical interpretation of Essick's facially contradictory testimony does not create a genuine issue of material fact. *See Babrocky*, 773 F.2d at 861. Simply put, over a year after Essick was fired by Yellow Freight and *after* he had filed this suit for retaliatory discharge, he testified that he did not know why he had been terminated.

Essick's second argument is that we should not find that he was bound by his testimony at the Industrial Commission because that proceeding was concerned only with the nature and extent of his injuries. Essick fails to explain how the different purpose of the Industrial Commission proceeding—the extent of his injuries—could have influenced him to give an incorrect answer to his lawyer's question concerning the reason for his termination. We agree with the district court that this is an inadequate explanation for the striking contradiction in Essick's testimony.

Therefore, we AFFIRM the judgment of the district court.