Addie Jane LACEY, Plaintiff, Appellee,

v.

The LUMBER MUTUAL FIRE INSUR-
ANCE COMPANY OF BOSTON, MAS-
SACHUSETTS, et al., Defendants, Ap-
pellants.

No. 76–1375.

United States Court of Appeals,
First Circuit.

Argued April 7, 1977.

Decided May 18, 1977.

Solomon Sandler, Gloucester, Mass., with
whom Sandler, Sandler & Laramee, Glou-
cester, Mass., was on brief, for appellants.

Morris D. Katz, Boston, Mass., who whom
Ronald B. Horvitz, Boston, Mass., was on
brief, for appellee.

Before COFFIN, Chief Judge, CAMP-
BELL, Circuit Judge, and MILLER *,
Judge.

* Hon. Jack R. Miller of the U.S. Court of Customs and Patent Appeals, sitting by designation.

**COFFIN, Chief Judge.**

Defendants-appellants are two insurance companies that had provided excess insurance coverage on a marine protection and indemnity insurance policy that was issued to the Norsea Corporation (Norsea) and that covered an injury to plaintiff-appellee's decedent. Plaintiff previously was able to have a default judgment entered against Norsea in the amount of $108,-889.13, and she instituted the present action to recover that portion of the judgment which was the responsibility of the excess insurance carriers. The district court entered summary judgment for plaintiff. We affirm.

■ The sole issue on appeal is whether the district court correctly concluded that plaintiff had satisfied her burden of showing that there was no issue of material fact in the case. In support of the motion, plaintiff submitted a sworn affidavit of her attorney, which purported to be based upon personal knowledge, generally reciting the facts surrounding the entry of the default judgment and stating that defendants through their agents had received notice of plaintiff's earlier action against Norsea, that they knew that plaintiff would seek a default judgment, but that they "chose not to avail themselves of the opportunity to defend [Norsea's] claim in Court." Neither defendant submitted any affidavits, but one defendant did submit a memorandum in opposition to the motion, asserting that it had not received timely notice of the earlier proceeding. Insofar as defendants are arguing that this memorandum should have been treated as showing that there was a genuine issue for trial, the short answer to them is Fed.R.Civ.P. 56(e). It provides that the adverse party's response must be by affidavit or by some other type of evidence. "If [the adverse party] does not so respond, summary judgment, if appropriate, shall be entered against him." *Id.*

■ Defendants' principal argument on appeal is that plaintiff's affidavit was itself inadequate under rule 56(e). Had this contention been properly raised below, it might have been well taken. But defendants made no motion to strike the affidavit at any time. "A party must move to strike an affidavit that violates Rule 56(e); if he fails to do so, he will waive his objection and, in the absence of 'a gross miscarriage of justice,' the court may consider the defective affidavit. This principle applies to affidavits containing evidence that would not be admissible at trial as well as to affidavits that are defective in form. [footnotes omitted]." 10 C. Wright and A. Miller, Federal Practice and Procedure, § 2738, at 706 (1973). *See* 6 Pt. 2 Moore's Federal Practice, ¶ 56.22[1], at 56–1330–1332 (2d ed. 1948); *Noblett v. General Electric Credit Corp.*, 400 F.2d 442, 445 (10th Cir. 1968); *cf. Mitchell v. Dooley Bros.*, 286 F.2d 40 (1st Cir. 1960) (objections to form are waived if not raised).[1]

Were a summary judgment to be set aside under the circumstances of this case, a party could play dog in the manger, making no response to a movant's affidavits with the chances of both of defeating the motion and, if unsuccessful, of later setting it aside. There being no gross miscarriage of justice, the judgment is

*Affirmed.*

---

1. We summarily reject appellants' claim that the affidavit was insufficient as a matter of law because it does not indicate that the defendants received timely notice from the *assured.* There is no indication in the insurance contract or otherwise that the receipt of notice from a particular individual was part of the subject matter of this contract, and even if there were, established principles of contract interpretation would seemingly require the conclusion that the notice defendants received satisfied any condition precedent that existed. *See* 3A Corbin on Contracts § 748; *cf. Griffin v. Fidelity & Cas. Co.*, 273 F.2d 45, 49 (5th Cir. 1959); *Pennsylvania Threshermen & Farmer's Mut. Cas. Ins. Co. v. Owens*, 238 F.2d 549, 552 (4th Cir. 1956); 14 Couch on Insurance, §§ 51:173, 51:185 (2d ed. 1965) (citing cases).