MURDOCK, Justice
(dissenting).
I respectfully dissent. A majority of the Court today concludes that a party’s otherwise adequate objection to evidence submitted in support of a motion for a summary judgment is not sufficient to preserve an issue for appellate review. Instead, the majority insists, the objecting party also is required to file with the trial court a motion to strike the allegedly objectionable evidence in order to preserve the objection. This additional requirement seems unnecessary and overly formalistic. It finds no support in the language of the Alabama Rules of Civil Procedure; it is not dictated by cases construing those rules; and, in fact, it is contrary to sound Alabama precedent and to the majority of analogous federal cases. Indeed, I believe this additional requirement serves no significant purpose other than creating an unnecessary trap for practitioners and, in turn, their clients.
First, nothing in the Alabama Rules of Civil Procedure requires the filing of a *778 motion to strike evidence submitted in relation to a summary-judgment motion. The pertinent portion of Rule 56(e), Ala. R. Civ. P., simply states:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.”
The rule does not specify how a party should bring to the trial court’s attention deficiencies in the supporting evidence offered by the opposing party. Given that the fact-finder on a motion for a summary judgment is the trial judge rather than a jury, I fail to see the need for a specific requirement that a party file a motion to strike such evidence when the party already has stated its objections to the evidence to the trial judge. What is the purpose of objecting to evidence presented to a judge if not to ask that judge not to consider it?
Indeed, requiring a motion to strike in order to preserve an otherwise adequate objection to submitted evidence conflicts with the purpose of the Alabama Rules of Civil Procedure. Rule 1(c), Ala. R. Civ. P., provides that “[tjhese rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.” The Committee Comments on 1973 Adoption to Rule 1(c) explain:
“It has been said that the policy of rules such as these is to disregard technicality and form in order that the civil rights of litigants may be asserted and tried on the merits. Mitchell v. White Consolidated, Inc., 177 F.2d 500 (7th Cir.1949), cert. denied 339 U.S. 913, 70 S.Ct. 574, 94 L.Ed. 1339. The last sentence of this rule, read in conjunction with Rules 8(f) [construction of pleadings] and 61 [harmless error], states a mandate of construction of the rules which is intended to implement that policy.”
(Emphasis added.) The approach adopted by the majority today, in my view, amounts to adding “technicality and form” where they are not necessary. A motion to strike is not necessary in order to inform the trial court of the ground for the objection, and it is not necessary in order to make clear what evidence the trial court was left to consider in the event it sustained that objection.
I have searched both the Alabama and federal cases for support for the majority’s approach. I have found no case that expressly grapples with the issue whether, in addition to an otherwise adequate objection, a motion to strike is necessary and that has held that such a motion is necessary. To the contrary, all the cases I have found in which a court has taken the time to expressly analyze the issue have concluded that a motion to strike is not necessary.
As the main opinion notes, there are several reported Alabama cases decided subsequent to this Court’s decision in Perry v. Mobile County, 533 So.2d 602 (Ala.1988), that suggest that a motion to strike is a requirement. None of these cases, however, expressly grapples with the issue before us today: whether a motion to strike must be added to an otherwise adequate objection in order to preserve an issue for appellate review. This is no doubt the case because, for all that appears from the opinions issued in these cases, there was no objection of any nature in the trial court to the evidence sought to be excluded. See, e.g., Ware v. Deutsche Bank Nat’l Trust Co., 75 So.3d 1163, 1171 (Ala.2011) (stating that the plaintiff “did not challenge this affidavit in the trial court,” thereby suggesting that no objec *779 tion to the affidavit was made in the circuit court); SSC Selma Operating Co. v. Gordon, 56 So.3d 598, 603 (Ala.2010) (stating that the plaintiff neither made an objection to nor filed a motion to strike an arbitration agreement);[4] Cartiuright v. Maitland, 30 So.3d 405, 409 (Ala.2009) (stating that “[t]he Maitlands did not specifically object in the trial court to the admission of Keith’s affidavit, nor did they move to strike it from the record” (emphasis added)); Elizabeth Homes, L.L.C. v. Cato, 968 So.2d 1, 5 (Ala.2007) (noting that the plaintiffs did not object or move to strike the unauthenticated document submitted in support of the affidavit); Ex parte Diversey Corp., 742 So.2d 1250, 1253 (Ala.1999) (noting that the defendant did not reply to the plaintiffs response to its motion for a summary judgment and thus no objection or motion to strike was filed regarding the allegedly problematic affidavit); and Berry Mountain Mining, Co. v. American Res. Ins. Co., 541 So.2d 4, 5 (Ala.1989) (stating that the defendant “failed to move to strike the unauthenticated documents” that supported the plaintiffs motion for a summary judgment and the Court therefore considered the documents as evidence; the Court also quoted from Perry the portion of Federal Practice and Procedure in issue; it is not clear from the facts whether the defendant objected in any form to the unauthenticated documents).
In any event, the suggestion in Alabama cases that have come after Perry that a motion to strike is necessary is a notion that is traceable to Perry. Like those subsequent cases, however, Perry itself did not involve an objection of any nature in the trial court. See 533 So.2d at 604 (stating that “no ruling on the matter was invoked” and that “[t]he issue of the admissibility of the evidence ... was raised ... for the first time on appeal”). Nor does Perry expressly consider whether, had such an objection been made, it would have been sufficient to preserve the issue. Instead, Perry stands as a source of this requirement in some cases simply because the Perry Court chose to quote the predecessor of the following passage from Federal Practice and Procedure:
“A party must move to strike an affidavit that violates Rule 56(e).51 The failure to do so will result in the waiver of the objection and, in the absence of ‘a gross miscarriage of justice,’52 the court may consider the defective affidavit. This principle applies to affidavits containing evidence that would not be admissible at trial,53 as well as to affidavits that are defective in form.54 The motion to strike must be timely,55 but the rules do not prescribe a specific period within which it should be made so the decision on that question is left to the discretion of the trial judge.56 On the other hand, it is clear that a motion to strike presented for the first time on appeal comes too late.57
“The court will disregard only the inadmissible portions of a challenged affidavit and consider the rest of it.58 ... It follows that a motion to strike should specify the objectionable portions of the affidavit and the grounds for each objec *780 tion. A motion asserting only a general challenge to an affidavit will be ineffective.”
10B C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2738, at 372-77 (3d ed.1998) (emphasis added; text of footnotes omitted) (quoted in Perry as it read in 1983 edition,[5] 533 So.2d at 604-05).
The problem with relying on Perry for the proposition at issue — aside from the fact that Perry itself did not involve any objection at all in the trial court and that the Court therefore found it unnecessary to, and did not, engage in any consideration of whether an objection would have been sufficient — is that none of the cases Federal Practice and Procedure cite for the proposition that “[a] party must move to strike an affidavit that violates Rule 56(e)” actually stand for that proposition. See Federal Practice and Procedure § 2738 n. 51. Many of them stand in fact for the contrary proposition, a fact to which I will return.
In the present case, the Court of Civil Appeals unanimously concluded that a motion to strike is not necessary where the objection otherwise interposed to the trial judge is adequate. That court’s opinion and Smith’s brief to this Court invoke this Court’s decision in Ex parte Elba General Hospital & Nursing Home, Inc., 828 So.2d 308 (Ala.2001). In Elba General, this Court clearly explained:
“On the question whether a trial court should consider a defective affidavit introduced in support of a motion for summary judgment and not objected to by the opposing party, we have consistently held that a failure to object constitutes a waiver of the right to object to the affidavit and that in the absence of an objection the trial court may properly consider such an affidavit, even if an objection alleging the particular defect would clearly have been proper. See Lennon v. Petersen, 624 So.2d 171 (Ala.1993); Cain v. Sheraton Perimeter Park S. Hotel, 592 So.2d 218 (Ala.1991); Morris v. Young, 585 So.2d 1374 (Ala.1991); Perry v. Mobile County, 533 So.2d 602 (Ala.1988). An objection need not be made in any particular form. See McMillian v. Wallis, 567 So.2d 1199, 1205 (Ala.1990) (holding that a party must ‘call the [trial] court’s attention’ to the fact that a deposition or affidavit is inadmissible and that by failing to do so a party waives any objection to the court’s considering the affidavit or deposition).”
Id. at 312-13 (emphasis added).
Although Smith does not expressly ask us to overrule Perry or those cases that have since quoted from or relied upon it, for the reasons previously discussed I find limited, if any, precedential value in Perry and those subsequent cases. What Smith does ask us to do is follow the rationale and holding in Ex parte Elba General Hospital. Given this argument by Smith, especially in the context of this Court’s obligation to exposit Alabama law correctly for future cases (not to mention the fact that our embrace of Smith’s argument will serve only to result in an affirmance of the court below), I see no reason why this Court should have any hesitation today to embrace the holding in Ex parte Elba General Hospital.
As I noted earlier, I have found no Alabama or federal case that, having expressly analyzed the issue, has reached the conclusion that a motion to strike must be added to an otherwise adequate objection in order to preserve that objection for appellate review. As already discussed, those Alabama cases that nonetheless contain verbiage to the effect that a motion to *781 strike is required are, for all that appears, not cases in which an objection was made but there was no motion to strike. Moreover, at the end of the day, the questionable verbiage in all of those cases ultimately is traceable to Perry and its quotation of Federal Practice and Procedure. A discussion of Federal Practice and Procedure and applicable federal cases is set out below.
Turning first to those federal eases cited in note 51 of § 2788 of Federal Practice and Procedure for the proposition, as quoted in Perry, that “[a] party must move to strike an affidavit that violates Rule 56(e),” it is important to note that in many of those cases the opposing party did move to strike. Thus, whether an objection was sufficient absent a motion to strike was not in issue. See, e.g., Londrigan v. Federal Bureau of Investigation, 670 F.2d 1164, 1174 (D.C.Cir.1981); Servants of Paraclete, Inc. v. Great Am. Ins. Co., 866 F.Supp. 1560,1564 (D.N.M.1994); Johnson v. Scotty’s, Inc., 119 F.Supp.2d 1276, 1281 (M.D.Fla.2000); Canning v. Star Publ’g Co., 19 F.R.D. 281, 283 (D.Del.1956); and Ernst Seidelman Corp. v. Mollison, 10 F.R.D. 426, 427 (S.D.Ohio 1950). Moreover, in Lacey v. Lumber Mutual Fire Insurance Co. of Boston, 554 F.2d 1204, 1205 (1st Cir.1977), another case cited in note 51, the defendants made no objection or motion to strike the affidavit in the trial court.[6] Thus, similar to the situation in Perry, in Lacey there was no occasion to consider whether an objection was sufficient to apprise the trial judge of alleged deficiencies in the opposition’s evidentiary support under Rule 56.
Moreover, the remaining cases cited in note 51 actually state that either an objection or a motion to strike is sufficient to preserve the issue. See Noblett v. General Elec. Credit Corp., 400 F.2d 442, 445 (10th Cir.1968) (stating that “[a]n affidavit that does not measure up to the standards of [Rule] 56(e) is subject to a motion to strike; and formal defects are waived in the absence of a motion or other objection” (emphasis added)); Auto Drive-Away Co. of Hialeah, Inc. v. I.C.C., 360 F.2d 446, 448-49 (5th Cir.1966) (observing that “the defendants failed to object to the introduction or use of the affidavit and exhibits below. An affidavit that does not measure up to the standards of Rule 56(e) is subject to a timely motion to strike. In the absence of this motion or other objection, formal defects in the affidavit ordinarily are waived.” (footnote omitted and emphasis added)); and United States ex rel. Austin v. Western Electric Co., 337 F.2d 568, 575 (9th Cir.1964) (relating that “[n]o objection was interposed to the use of this declaration at the hearing on the motion for summary judgment, and counsel for both parties referred to the declaration in their oral argument to the trial court. The declaration would have been subject to a motion to strike. Had appel-lees made such a motion or otherwise objected to the use of the declaration, the defect could have been remedied by appellants filing an affidavit in lieu of the declaration.” (emphasis added)).
Further still, in the extended discussion of this issue that follows note 51, Federal Practice and Procedure describes the decisions of several federal appellate courts that indicate that a proper objection is sufficient to preserve issues for appeal:
‘A failure to object to the admission of an affidavit that is objectionable under Rule 56 standards permits the court to consider the affidavit.... Becker v. Roza, D.C. Neb.1971, 53 F.R.D. 416....
*782 [[Image here]]
“In Klingman v. National Indem. Co., C.A. 7th, 1963, 317 F.2d 850, 854, defendant objected to plaintiffs affidavit filed in opposition to the motion for summary judgment for failing to meet the personal knowledge requirement of Rule 56(e). The defendant did not contest the truth of the affidavit nor did he raise his objection in the district court. The court stated: ‘It is settled law that testimony to which no objection is made may be considered by the trier of fact. We conclude that analogous rule is applicable here. On a motion for summary judgment, if no objection is made to an affidavit which is objectionable under Rule 56(e), the affidavit may be considered by the court in ruling on the motion.’
[[Image here]]
“The nonmoving party waived the right to raise on appeal the issue whether an affidavit filed in support of a motion for summary judgment was timely when the nonmovant neither moved to strike the affidavit nor raised an objection to its consideration and similarly waived the issue whether an unsworn affidavit filed in support of the motion rendered the motion deficient by failing to make a timely objection in the district court. McCloud River R.R. Co. v. Sabine River Forest Prods., Inc., C.A. 5th, 1984, 735 F.2d 879.”
Federal Practice and Procedure § 2738 nn. 52, 53, and 55 (emphasis added).
The cases cited in Federal Practice and Procedure are not unusual in stating that an objection is sufficient to inform the trial judge that a supporting affidavit does not meet the requirements of Rule 56. Several other federal cases have expressed the same rule. The United States Court of Appeals for the First Circuit, in declining an invitation to adopt the exact wording of the passage from Federal Practice and Procedure quoted in Lacey, succinctly expressed the reasoning of these courts, explaining:
“We believe that what is required to preserve a party’s rights vis-a-vis an allegedly deficient affidavit is for the dissatisfied party to (a) apprise the trial court, in a conspicuous manner and in a timely fashion, that she considers the affidavit defective, and (b) spell out the nature of the ostensible defects clearly and distinctly. Whether the dissatisfied party fulfills these requirements by means of a motion to strike or in some substantially equivalent way (say, by an objection or, as here, in a legal memorandum urging the granting of summary judgment notwithstanding the affidavit) is of little moment.”
Perez v. Volvo Car Corp., 247 F.3d 303, 314 (1st Cir.2001) (emphasis added). See, e.g., Wiley v. United States, 20 F.3d 222, 226 (6th Cir.1994) (concluding that “[i]f a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court’s consideration of such materials are deemed to have been waived, and we will review such objections only to avoid a gross miscarriage of justice” (emphasis added)); Williams v. Evangelical Ret. Homes of Greater St. Louis, 594 F.2d 701, 703 (8th Cir.1979) (recounting that “[t]he general rule is that defects in the form of the affidavits are waived if not objected to at the trial court level. Absent a motion to strike or other timely objection, the trial court may consider a document which fails to conform to the formal requirements of Rule 56(e).” (emphasis added)); Scharf v. United States Attorney General, 597 F.2d 1240, 1243 (9th Cir.1979) (noting that, “[generally, ... formal defects [in an affidavit] are waived absent a motion to strike or other objection, neither of which oc *783 curred here” (emphasis added)); Associated Press v. Cook, 513 F.2d 1300, 1303 (10th Cir.1975) (“[t]he record does not disclose that Cook filed a motion to strike or otherwise objected to the affidavits [based on the lack of personal knowledge]. Under these circumstances any formal defects contained in the affidavits are deemed to be waived and the trial court may consider them in ruling on the summary judgment motions.” (emphasis added)); Klingman v. National Indem. Co., 317 F.2d 850, 854 (7th Cir.1963) (stating that, “[o]n a motion for summary judgment, if no objection is made to an affidavit which is objectionable under Rule 56(e), the affidavit may be considered by the court in ruling on the motion” (emphasis added)); and Interstate Gov’t Contractors, Inc. v. Johnson Controls, Inc., 186 F.R.D. 694, 697 (M.D.Ga.1999) (rejecting the plaintiffs affidavit presented in opposition to summary judgment “for failing to comply with Rule 56(e)” when the objection to the affidavit was made by the defendant in .its reply brief).
When objections are made to evidence other than affidavits, the authorities are equally, if not more, clear that a motion to strike is unnecessary. Indeed, Federal Practice and Procedure itself simply states that “uncertified or otherwise inadmissible documents may be considered by the court [on a motion for a summary judgment] if not challenged. The objection must be timely or it will be deemed to have been waived.” 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2722, at 384-85 (3d ed. 1998) (emphasis added). See, e.g., MSK EyEs Ltd. v. Wells Fargo Bank, Nat’l Ass’n, 546 F.3d 533, 543 n. 6 (8th Cir.2008) (“We note unsworn statements are ordinarily inadmissible hearsay and do not constitute competent evidence that can be considered under Fed.R.Civ.P. 56(e). However, ‘otherwise inadmissible documents may be considered by the court if not challenged.’ ” (quoting Federal Practice and Procedure § 2722)(emphasis added)); In re Unisys Savs. Plan Litig., 74 F.3d 420, 437 n. 12 (3d Cir.1996) (“Unisys argues that we may not consider Mr. Gottheimer’s report because it was not in the form of a sworn affidavit as required by the Fed. R.Civ.P. 56(e). Unisys, however, did not move to strike nor did it otherwise object to Dr. Gottheimer’s report in the district court.” (emphasis added)); H. Sand & Co. v. Airtemp Corp., 934 F.2d 450, 455 (2d Cir.1991) (finding that an “objection” to unauthenticated documents in support of a motion for a summary judgment was not made in the district court and therefore it came too late); Capobianco v. City of New York, 422 F.3d 47, 55 (2d Cir.2005) (finding that district court abused its discretion in concluding that reports submitted in opposition to a motion for a summary judgment were “ ‘inadmissible as unsworn statements’ ” because “neither side objected to the admissibility of the reports” (emphasis added)); Catrett v. Johns-Manville Sales Corp., 826 F.2d 33, 37-38 (D.C.Cir.1987) (quoting Federdl Practice and Procedure for the proposition that “ ‘inadmissible documents may be considered by the court if not challenged’ ”); Burnett v. Stagner Hotel Courts, Inc., 821 F.Supp. 678, 683 n. 2 (N.D.Ga.1993), aff d, 42 F.3d 645 (11th Cir. 1994) (finding that plaintiffs’ exhibit failed to meet the requirements of Rule 56(e), after the defendant had challenged the exhibit in its reply brief); and Cinocca v. Baxter Labs., Inc., 400 F.Supp. 527, 530 (E.D.Okla.1975) (explaining that “[t]he materials submitted by Travenol in support of its Motion are not verified by affidavit. However, as Plaintiff has not objected to this defect and treats the Agreement as the true and correct contract for acquisition of substantially all assets as entered into by Travenol and Surgitool the Court will consider the Agreement for purposes of this Motion.” (emphasis added)).
*784 The number of federal cases stating that an objection is sufficient is not surprising, given that before Rule 56, Fed.R.Civ.P., was amended in December 2010, there was a split in the federal circuits regarding whether a motion to strike was even appropriate outside the context of objections to pleadings under Rule 12(f), Fed. R.Civ.P.[7] As one treatise has observed, “[pjrior to the 2010 Amendments [to the Federal Rules of Civil Procedure], the courts were ... divided as to whether an improper affidavit could be challenged on a motion to strike.” Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil Rules Handbook 2012 1135-36 (2012). The reason was that, as one court explained, “neither the text of Rule 56 nor of Rule 12(f) authorizes use of motions to strike for th[e] purpose” of striking evidence in support of a motion because “Rule 12(f) read literally only provides for motions to strike directed at ‘pleadings,’ which an affidavit is not ... and Rule 12’s focus on ‘redundant, immaterial,] impertinent or scandalous matter’ does not appear germane to the purpose of [a party’s] Motion to Strike incompetent or inconsistent affidavit averments.” Dragon v. I.C. Sys., Inc., 241 F.R.D. 424, 425 (D.Conn.2007). The plaintiff in Dragon had argued to the court that “the Second Circuit actually requires a motion to strike affidavits defective under Rule 56(e) to avoid waiver of the issue,” but the court rejected that argument, observing that in the cases cited by the plaintiff “no objection had been made below by any means — in briefings or a motion to strike — to the form of the unsworn written statements attached to the party’s sworn affidavit.” 241 F.R.D. at 426 n. 2. See also, e.g., Pilgrim v. Trustees of Tufts Coll., 118 F.3d 864, 868 (1st Cir.1997), abrogation on other grounds recognized in Crowley v. L.L. Bean, Inc., 303 F.3d 387, 406 (1st Cir.2002) (stating that “Rule 12(f) applies only to pleadings and has no applicability to motions made in pursuit of or in opposition to summary judgment”).[8]
In sum, consideration of the text and purposes of state and federal rules of procedure and of Alabama and federal cases leads me to conclude that the law does not require, and there is no sound reason that it should require, a motion to strike in addition to an otherwise properly made and preserved objection to evidence submitted in relation to a motion for a summary judgment. When a proper objection is made and preserved in the record, the trial court will be given adequate opportunity to consider the objection and the ap *785 pellate court will be adequately informed of the basis for the objection. If and to the extent the objection is sustained, we may and should assume, without requiring the “technicality and form” of an additional motion to strike, that the trial court did not consider the objected-to evidence. To the extent the trial court overrules an objection, we may assume the converse. Again, requiring more serves only to create an unnecessary trap for the practitioner and, in turn, his or her client. I believe that the Court of Civil Appeals has the correct, and more commonsensical, view of this issue, and I therefore would affirm its judgment.
PARKER and SHAW, JJ., concur.

. The Court in SSC Selma Operating Co. stated that "even if Mrs. Gordon had objected to the admissibility of the copy of the arbitration agreement, it is undisputed that Mrs. Gordon did not file a motion to strike the arbitration agreement. Therefore, we will consider the evidence.” 56 So.3d at 603. The Court also stated, however, that Gordon "did not argue that the copy of the arbitration agreement attached to the motion was not admissible.” Thus, the case represents the circumstance where a party neither makes an objection to, nor moves to strike, objectionable evidence. Moreover, the Court’s opinion quoted Elizabeth Homes, L.L.C. v. Cato, 968 So.2d 1, 5 (Ala.2007), for the proposition that a motion to strike is required; Cato is a case in which no objection or motion to strike was filed.

. The 1983 edition of this passage as quoted in Perry is no different in any material respect from the current version set out in the text of this writing.

. The Lacey court quoted the same passage from § 2738 of Federal Practice and Procedure as did the Perry Court.

. Rule 12(f), Fed.R.Civ.P., provides that a
"court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
"(1) on its own; or
"(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.”
Rule 12(f), Ala. R. Civ. P., is similar and reads as follows:
"Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within thirty (30) days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.”

. The recently amended version of Federal Rule 56 and the Advisory Committee Note to it now make clear that a motion to strike is not desired, at least for certain objections. Rule 56(c)(2), Fed.R.Civ.P., states that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.” The Advisory Committee Note to this subsection expressly states that "[tjhere is no need to make a separate motion to strike” in order to effectuate such an objection.